UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAUL T. L. ROWE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-247-HAB-SLC |
| DAMBRA, et al., | |
| Defendants. | |

OPINION AND ORDER

Paul T. L. Rowe, a prisoner without a lawyer, filed a complaint alleging Officers Dambra and Brown used excessive force during his arrest on May 11, 2021.[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In *Rowe v. Dambra*, 1:21-cv-431 (N.D. Ind. filed November 24, 2021), he sued the same two officers based on the same events. That case was dismissed on April 6, 2022, pursuant to Federal Rule of Civil Procedure 41(b) which provides, "[u]nless the

---

[1] In the complaint he alleged the events happened on May 16, 2021, but in a letter he clarified that was a mistake and the actual date was May 11, 2021. *See* ECF 6.

dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." The dismissal order did not state otherwise and that case was dismissed with prejudice.

"The doctrine of *res judicata*, or claim preclusion, 'protects the finality' of a judgment and 'prevents parties from undermining it by attempting to relitigate the claim.'" *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016) (citing *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011)). There are several requirements for res judicata to apply: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Hwy. J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002)). Here, Rowe acknowledges the parties and the claims are identical. ECF 6. As noted, the case was dismissed with prejudice pursuant to Rule 41(b) which was an adjudication on the merits. Because all of the elements are met, this current case is legally frivolous.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, an amended complaint would be futile because

> res judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of res judicata provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in

2

controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Hwy. J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (internal quotation marks, italics, and citations omitted).

Finally, Rowe filed a letter asking the court to waive the filing fee for this case because the claims are the same as his previous case. ECF 8. However, he filed this case while he was in prison and pursuant to 28 U.S.C. § 1915(b)(1), he is required to pay the filing fee.

For these reasons, any relief requested in the letter (ECF 8) is DENIED and this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 5, 2022.

                                              s/Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT